IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **JOBARD MARK SHAW,** ) | |
| ) | |
| **Movant,** ) | |
| v. ) | **Civil Action No. 5:10-0871** |
| ) | **Criminal Action No. 5:07-0086** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] (Document No. 129.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 131.)

## FACTUAL BACKGROUND

By Indictment filed on May 9, 2007, Movant was charged with two counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Counts 1 and 2), and one count of possession with the intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count 3). (Criminal Action No. 5:07-0086, Document No. 1.) Following a jury trial conducted on November 6 - 7, 2007, Movant was convicted of all three counts as charged in the Indictment. (Id., Document Nos. 66 and 68.) On November 13, 2007, Movant filed a "Motion for Judgment of Acquittal; Motion to Set Aside the Jury Verdict and Motion for a New Trial." (Id., Document No. 73.) On November

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

19, 2007, the United States filed its Response in Opposition. (Id., Document No. 74.) By Memorandum Opinion and Order entered on January 15, 2008, the District Court denied Movant's "Motion for Judgment of Acquittal; Motion to Set Aside the Jury Verdict and Motion for a New Trial." (Id., Document No. 76.) The District Court sentenced Movant on June 4, 2008, to a total of 120 months of incarceration[2] to be followed by a four-year term of supervised release. (Id., Document Nos. 98 and 103.) Movant filed a Notice of Appeal on June 11, 2008. (Id., Document No. 101.) In his appeal, Movant argued that the District Court erred by denying his Motion to Suppress. On September 10, 2009, the Fourth Circuit Court of Appeals affirmed Movant's convictions. United States v. Shaw, 343 Fed.Appx. 936 (4th Cir. 2009).

On June 28, 2010, Movant filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil No. 5:10-0871, Document No. 129.) As grounds for *habeas* relief, Movant alleges as follows: (1) Lack of subject-matter jurisdiction (Id., pp. 4 - 7.); (2) Prosecutorial Misconduct (Id., pp. 8 - 13.); (3) Abuse of the Court's Discretion (Id., pp. 15 - 18.); and (4) Ineffective Assistance of Counsel (Id., pp. 19 - 22.).

By Memorandum Opinion and Judgment Order entered on February 8, 2012, the District Court granted Movant's request for a sentence reduction under 18 U.S.C. § 3582(c)(2).[3] (Criminal Action No. 5:07-00086, Document No. 140.) The District Court reduced Movant's sentence to "a period of 92 months, with credit for time served to date." (Id..)

---

[2] The District Court sentenced Movant to a total term of 120 months, consisting of "120 months imposed as to Count One, a sentence of 120 months imposed as to Count Two, and a sentence of 120 months imposed as to Count Three, all of which shall run concurrent to one another." (Criminal Action No. 5:07-0086, Document No. 103, p. 2.)

[3] On November 1, 2010, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack).

**DISCUSSION**

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was imposed in violation of the Constitution or law of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006).

1. **Procedurally Barred Claims:**

The filing of a Section 2255 motion does not supplant or obviate the need to file a direct appeal. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). The United States Supreme Court explains that "a final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). A non-constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion. Stone v. Powell, 428 U.S. 465, 478 n. 10 (1976). A constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section

2255 motion unless the movant can show either (1) "cause and actual prejudice resulting from the errors of which he complains," or (2) "he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. at 493. Actual prejudice is shown by demonstrating that the error worked to movant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986)). "In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. Mikalajunas, 186 F.3d at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent. Id. at 494. The movant must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Furthermore, a movant may not reassert a claim decided on direct review. In Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), cert. denied, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. See Davis v. United States, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974).

**A.    *Subject-Matter Jurisdiction:***

Movant claims that the District Court lacked subject matter jurisdiction to convict and sentence him. Movant, however, acknowledges that the above alleged error was not raised on appeal. Accordingly, the Court must consider whether Movant has shown either "cause and actual prejudice" or "that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." The undersigned finds that Movant has failed to establish either. Title 18 U.S.C. § 3231 confers subject matter jurisdiction over federal prosecutions upon the District Courts providing that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." See United States v. Hartwell, 448 F.3d 707, 716 (4th Cir. 2006), quoting Hugi v. United States, 164 F.3d 378, 380 (7th Cir. 1999)("Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry.") Accordingly, Movant has not shown and cannot show "cause and actual prejudice" or "a miscarriage of justice" would result from the refusal of the Court to entertain his claim of lack of subject matter jurisdiction. The Court, therefore, finds that the above error is procedurally barred.

**B.    *Prosecutorial Misconduct:***

Movant alleges that AUSA Miller Bushong engaged in prosecutorial misconduct by charging Movant based upon evidence obtained in violation of State v. Mullens and by introducing false or perjured testimony. The record reveals that Movant failed to present the above issues on appeal. First, the undersigned will consider Movant's claim that AUSA Bushong improperly prosecuted him based upon evidence obtained in violation of State v. Mullens, 221 W.Va. 70, 650 S.E.2d 169 (2007). (Document No. 129, pp. 9 - 11.) In State v. Mullens, 221 W.Va. 70, 650 S.E.2d 169 (2007), the West

5

Virginia Supreme Court held "that it was a violation of West Virginia Constitution article III, § 6 for the police to invade the privacy and sanctity of a person's home by employing an informant to surreptitiously use an electronic surveillance device to record matters occurring in that person's home without first obtaining a duly authorized court order pursuant to W.Va. Code § 62-1D-11 (1987)." The Fourth Circuit, however, has stated that "evidence admissible under federal law cannot be excluded because it would be inadmissible under state law." United States v. Van Metre, 150 F.3d 339, 347 (4th Cir. 1998), citing United States v. Clyburn, 24 F.3d 613 (4th Cir. 1994). Title 18 U.S.C. § 2511(2)(c) clearly provides that "[i]t shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception." Thus, "federal statutory and constitutional law permits officials to place an electronic surveillance device on a consenting informant for the purpose of recording communications with a third-party suspect, even in the absence of a warrant." United States v. Blevins, 2009 WL 567327 (4th Cir. 2009), citing United States v. White, 401 U.S. 745, 749, 91 S.Ct. 1122, 28 L.Ed. 453 (1971). Accordingly, Movant fails to show that "cause and actual prejudice" or "a miscarriage of justice" would result from the Court's refusal to entertain the above claim.

Next, Movant contends that AUSA Bushong engaged in prosecutorial misconduct by introducing false or perjured testimony. A prosecutor's use of testimony that he knows, or should have known, to be false or perjured to obtain a conviction violates due process. See United States v. Bagley, 473 U.S. 667, 678, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); United State v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed. 342 (1976). To succeed on a claim of prosecutorial misconduct based upon perjured testimony, Movant must established that (1) the testimony was, in fact, perjured, and (2) the Government knowingly used the perjured testimony in order to secure the conviction. Boyd

6

v. French, 147 F.3d 319, 329-30 (4th Cir. 1998), cert. denied, 525 U.S. 1150, 119 S.Ct. 1050, 143 L.Ed2d 56 (1999). In the instant case, Movant contends that AUSA Bushong offered false testimony from the investigating officers. (Document No. 129, pp. 9 - 12.) Movant explains that during grand jury proceedings and the preliminary hearing, the investigating officers testified that the cocaine base was found inside a "black bag." (Id., p. 9.) Movant claims that at trial the investigating officers testified that the cocaine was "found inside a suitcase which contained men's clothes as compared to the generic 'black bag.'" (Id.) Thus, Movant merely alleges that inconsistencies existed in the investigating officers' testimony. The mere existence of discrepancies or inconsistencies in testimony does not establish that the prosecutor knowingly used false or perjured testimony. See United States v. Griley, 814 F.2d 967, 971 (4th Cir. 1987)(finding that "[m]ere inconsistencies in testimony by government witnesses do not establish the government's knowing use of false testimony"). The undersigned notes that any inconsistencies in witness testimony goes to the credibility of that witness. In view of the foregoing, the undersigned finds that there is no indication that AUSA Bushong presented false or perjured testimony. Accordingly, Movant has not shown that "cause and actual prejudice" or "a miscarriage of justice" would result from the Court's refusal to entertain the above claim.

### C. *Abuse of District Court's Discretion:*

Movant argues that the District Court abused its discretion by improperly admitting evidence, allowing the presentation of perjured or false testimony, and allowing the selection of an improper jury. (Document No. 129, pp. 15 - 18.) First, Movant complains that "buy money" and the "original wrappers" containing the drugs were never admitted into evidence. (Id., pp. 16 - 18.) Movant also argues that the District Court improperly admitted a police scanner into evidence. (Id., p. 17.) Next, Movant claims that the District Court allowed the investigating officers to testify falsely. (Id., pp. 16 -

17.) Movant explains that investigating officers testified during grand jury proceedings that the cocaine was found in a "black bag" and later testified at trial that the drugs were found in a suitcase. (Id.) Finally, Movant asserts the jury "did not represent a panel of [his] peers as not one member of the final panel selected was of African-American descent leading to a racially biased proceeding."[4] (Id., p. 17.) A review of the record reveals that Movant failed to raise any of the foregoing issues on appeal. The undersigned finds that Movant has failed to show that any of the above alleged errors result in an "actual and substantial disadvantage" to Movant. Furthermore, the undersigned finds no evidence that a miscarriage of justice would result as Movant has failed to show his actual factual innocence of his conviction. Accordingly, the undersigned finds that Movant's above claims are procedurally defaulted.

**2.    Ineffective Assistance of Counsel:**

Indigent criminal defendants have the constitutional right to effective assistance of counsel through a direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the

---

[4] To state a fair cross-section claim, a defendant must establish "(1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process." *Duren v. Missouri*, 439 U.S. 357, 364, 99 S.Ct. at 664, 58 L.Ed.2d 579 (1979); *also see Truesdale v. Moore*, 142 F.3d 749, 755 (4th Cir. 1998). In the instant case, Movant does not argue that African-Americans were systematically excluded from jury selection process. Movant merely complains that the outcome of the jury selection process resulted in a jury that contained no African-American members.

representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's

9

performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456 (1992).

### A. *Trial Counsel's Failure to Object to the Proposed Findings and Recommendation:*

Movant argues that trial counsel acted ineffectively by failing to file objections to the undersigned's Proposed Findings and Recommendation, which recommended that Movant's Motion to Suppress be denied. (Civil Action No. 5:10-0871, Document No. 129, p. 20.) Movant, however, fails to allege how counsel's above failure resulted in prejudice. Citing State v. Mullens, Movant argued on appeal that the District Court erred in denying his Motion to Suppress. Although the Fourth Circuit found that Movant waived appellate review of the issue by failing to object to the Proposed Findings and Recommendation, the Fourth Circuit further found that "Shaw's challenge to the motion to suppress is meritless." Shaw, 343 Fed.Appx. at 396. Specifically, the Fourth Circuit stated as follows:

> [W]hether or not a seizure violates state law is irrelevant to the determination of a motion to suppress in federal court. United States v. Van Metre, 150 F.3d 339, 347 (4th Cir. 1998). Moreover, federal statutory and constitutional law permits officials to place an electronic surveillance device on a consenting information for the purpose of recording communications with a third-party suspect, even in the absence of a warrant.

Id. Accordingly, Movant was not prejudiced by counsel's failure to object to the Proposed Findings and Recommendation.

### B. *Trial Counsel's Attempt to Extort Money:*

Movant contends that trial counsel acted ineffectively by "attempting to extort $10,000 additional from this Petitioner claiming he would obtain a lower plea agreement if he was paid the additional money." (Civil Action No. 5:10-0871, Document No. 129, p. 20.) Movant alleges that

10

"when [he] did not pay the extortion money, demanded, [counsel] proceeded to sabotage the proceedings and not confront the obviously perjured testimony used to convict this Petitioner."[5] (Id.) A movant must make specific allegations establishing reason to believe that, if the facts are fully developed, he is entitled to relief. United States v. Roane, 378 F.3d 382, 403 (4th Cir. 2004). Movant, however, fails to allege how counsel's alleged misconduct resulted in prejudice. Movant's conclusory allegation that counsel sabotaged the proceedings and failed to confront perjured testimony is insufficient. Movant does not explain how the proceedings were sabotaged or what testimony was perjured. Accordingly, Movant's above claim of ineffective assistance of counsel should be dismissed.

        **C.**     *Trial Counsel's Failure to Challenge Jury Selection:*

Movant asserts that trial counsel acted ineffectively by failing to challenge the jury selection process alleging a fair cross-section violation or requesting a change of venue for a "larger jury pool." (Civil Action No. 5:10-0871, Document No. 129, p. 20.) The undersigned finds Movant's claim to be without merit. To state a fair cross-section claim, a defendant must establish "(1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number

---

[5] During the Pretrial Conference, Movant informed the Court that trial counsel attempted to extort $10,000 from Movant as to secure a better plea offer. (Criminal Action No. 5:07-86, Document No. 80, pp. 22 - 25.) Trial counsel responded that Movant believed counsel worked for the government because counsel was appointed by the Court to represent him. (*Id.*, p. 28.) Counsel stated that Movant then indicated that he wanted to retain counsel and inquired as to the amount of counsel's normal criminal retainer fee. (*Id.*) Counsel stated that he informed Movant that "my normal criminal retainer in a federal case of this magnitude would have been $25,000." (*Id.*) Counsel stated that Movant indicated that he wanted to retain counsel, but could only pay $10,000. (*Id.*) Counsel then explained to Movant that "It doesn't matter to me whether you come up with $10,000, $25,000, you're going to get the same caliber of representation." (*Id.*) Based on the foregoing, the District Court found Movant's allegation of extortion to be without merit.

of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process." Duren v. Missouri, 439 U.S. 357, 364, 99 S.Ct. at 664, 58 L.Ed.2d 579 (1979); also see Truesdale v. Moore, 142 F.3d 749, 755 (4th Cir. 1998). "[T]he Constitution does not require that the juror selection process be statistical mirror of the community; it is sufficient that the selection be in terms of 'fair cross-section' gathered without active discrimination." United States v. Slade, 14 F.3d 598 (4th Cir. 1993)(citation omitted); United States v. Cecil, 836 F.2d 1431, 1448 (4th Cir. 1988)(recognizing that voter registration lists used to select potential jurors are legitimate, even if minorities are underrepresented, as long as there is no affirmative discrimination in voter registration).[6] The Sixth Amendment, however, guarantees only the opportunity for a representative jury, not a representative jury itself. United States v. Biaggi, 909 F.2d 662, 678 (2nd Cir. 1990). Thus, the focus is on the procedure for selecting juries, and not the outcome of the jury selection process. See Ambrose v. Booker, 684 F.3d 638, 645 (6th Cir. 2012). In the instant case, Movant does not argue that African-Americans were systematically excluded from jury selection process. Movant merely complains that the outcome of the jury selection process resulted in a jury that contained no African-American members. Thus, Movant allegations do no support a finding of a fair cross-section violation. Movant, therefore, was not prejudiced by counsel's failure to assert a fair cross-section violation based upon the outcome of the jury selection process not containing an African-American member. See United States v. Kilmer, 167 F.3d 889, 893 (5th Cir. 1999)(stating that "[a]n attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue"); Moore v. United States, 934 F.Supp. 724, 731

---

[6] The jury venire in this District is taken from voter registration lists. *See* Southern District of West Virginia's "Plan Prescribing Method for the Composition of Jury Wheels and the Qualification and Random Selection of Grand and Petit Jurors."

(E.D.Va. 1996)(holding that "there can be no claim of ineffective assistance where, as here, counsel is alleged to have failed to raise a meritless argument").

### D. *Trial Counsel's Failure to Challenge Evidence:*

Movant argues that trial counsel acted ineffectively by failing to challenge the evidence as obtained in violation of State v. Mullens. (Civil Action No. 5:10, 0871, Document No. 129, p. 21.) Movant contends that counsel failed to "confront any of the investigation Beckley Police officers about their illegal activities regarding their failure to obtain a court order before sending the confidential informant into the apartment to meet this Defendant, a violation of West Virginia law." (Id.) A review of the record reveals that trial counsel filed a Motion to Suppress regarding the foregoing. (Criminal Action No. 5:07-00086, Document No. 31.) By Proposed Findings and Recommendation entered on October 17, 2007, the undersigned recommended that the Motion to Suppress be denied. (Id., Document No. 48.) By Memorandum Opinion and Order entered on November 5, 2007, United States District Judge Thomas E. Johnston adopted the undersigned's recommendation and denied the Motion to Suppress. (Id., Document No. 59.) Additionally, the Fourth Circuit addressed the foregoing issue finding that "federal statutory and constitutional law permits officials to place an electronic surveillance device on a consenting informant for the purpose of recording communications with a third-party suspect, even in the absent of a warrant." Shaw, 343 Fed.Appx. at 936. Accordingly, trial counsel did not act ineffectively by failing to challenge the evidence based upon a violation of State v. Mullens.

### E. *Trial Counsel's Failure to Require the Introduction of Evidence:*

Movant argues that trial counsel was ineffective in failing to require the introduction of a cell phone and the "buy money." (Civil Action No. 5:10-0871, Document No. 129, p. 22.) As stated above, a movant must make specific allegations establishing reason to believe that, if the facts are

fully developed, he is entitled to relief. Roane, 378 F.3d at 403. Movant, however, fails to explain how trial counsel was ineffective in failing require the production of the above evidence. Further, Movant fails to allege how counsel's above failure resulted in prejudice. Movant does not indicate what the cell phone or "buy money" would have revealed or how such evidence would have made a difference in the District Court proceedings. Movant's conclusory allegation that the foregoing resulted in ineffective assistance of counsel is insufficient. Movant, therefore, fails to meet the Strickland two prong standard.

      **F.**     *Ineffective Assistance of Appellate Counsel:*

Movant contends that appellate counsel was ineffective in failing to assert the "malicious introduction of perjured testimony into a proceeding and the coaching of witnesses so they 'can get it right,' irrespective of the truth." (Civil Action No. 5:10-0871, Document No. 129, p. 21.) Again, Movant has failed to make specific allegations establishing reason to believe that, if the facts are fully developed, he is entitled to relief. Roane, 378 F.3d at 403. Movant does not explain what testimony was allegedly perjured or improperly coached. Further, Movant fails to allege how counsel's above failure resulted in prejudice. Movant's conclusory allegation that the foregoing resulted in ineffective assistance of appellate counsel is insufficient. Accordingly, Movant has failed to state a claim of ineffective assistance of appellate counsel.

**PROPOSED FINDINGS AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 129.) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: June 17, 2013.

R. Clarke VanDervort
United States Magistrate Judge